AULT v. HALL

Ohio Supreme Court.

No. 21165. Decided Dec. 19, 1928.

MARSHALL. C. J.

**NEGLIGENCE.**

(370 B) A presumtion of negligence is never indulged from the mere fact of injury, but the burden of proof is upon the plaintiff to prove the negligence of the defendant and that such negligence is a proximate cause of injury and damage.

(370 O) In an action for negligence, conformity to custom or usage is a matter proper to be submitted to the jury for its consideration in determining whether or not ordinary care has been exercised.

(370 C4) Customary methods or conduct do not furnish a test which is conclusive or controlling on the question of negligence or fix a standard by which negligence is to be gauged, but conformity thereto a circumstance to be weighed and considered with other circumstances in determining whether or not ordinary care has been exercised.

Methods employed in any trade, business or profession, however long continued, cannot avail to establish as safe in law that which is dangerous in fact.

**PHYSICIANS & SURGEONS.**

(430 M) Where a surgeon in the course of an abdominal operation uses sponges and fails to remove one of them from the cavity before closing the incision, it is error for the trial court to instruct the jury that if the custom of counting by nurses was reasonable and defendant followed and relied upon it, the verdict should be in his favor.

The duty of a surgeon to exercise due care to ascertain that no foreign substance is left in the abdomen of one operated on is not conclusively shown to have been performed by evidence that he followed the usual practice and custom of surgeons of relying on a count by the nurses of sponges used in the course of such operation.

In an action against a surgeon for malpractice the jury should be instructed that the plaintiff must show by a preponderance of the evidence and the jury must find that the defendant in the performance of his service either did some particular thing or things that physicians and surgeons of ordianary skill, care and diligence would not have done under the same or similar circumstances, or that the defendant failed or omitted to do some particular thing or things which physicians and surgeons of ordinary skill, care and diligence would have done under the same or similar circumstances.

In the performance of a surgical operation where an incision is made in the abdomen and where surgical sponges are used, the removal of such sponges is a part of the operation itself, and a failure to remove such sponges before the incision is finally closed is prima facie evidence of negligence.

Day, Allen, Kinkade and Robinson, JJ., concur. Jones and Matthias, JJ., concur in the judgment.